# EXHIBIT A

# Complaint

# EXHIBIT A

Electronically Filed
9/11/2020 2:40 PM
Steven D. Grierson
CLERK OF THE COURT

1   **COMJD**
   GABROY LAW OFFICES
2   Christian Gabroy (#8805)
   Kaine Messer (#14240)
3   The District at Green Valley Ranch
   170 South Green Valley Parkway, Suite 280
4   Henderson, Nevada 89012
   Tel   (702) 259-7777
5   Fax   (702) 259-7704
   christian@gabroy.com
6   kmesser@gabroy.com
   *Attorneys for Plaintiff Mershaun Scott*

CASE NO: A-20-821030-C
Department 32

7

8   **EIGHTH JUDICIAL DISTRICT COURT**

9   **CLARK COUNTY, NEVADA**

10  MERSHAUN SCOTT, an individual;

Case No.
Dept.:

11   Plaintiff,

12  vs.

**COMPLAINT WITH JURY DEMAND**

13  NICHOLAS & COMPANY
   FOODSERVICE INC., a foreign
14  corporation; NICHOLAS & COMPANY
   FOODSERVICE LLC, a domestic limited
15  liability company; DOES I through X; and
   ROE Corporations XI through XX,
16  inclusive,

17   Defendants.

18

19   **COMPLAINT**

20   COMES NOW Mershaun Scott ("Plaintiff" or "Scott"), by and through his attorneys,

21  Christian Gabroy, Esq. and Kaine Messer, Esq. of Gabroy Law Offices, and hereby

22  alleges and complains of Defendants Nicholas & Company FoodService Inc. ("Nicholas

23  Inc.") and Nicholas & Company FoodService LLC ("Nicholas LLC") (together "Defendants")

24  as follows:

25   **VENUE AND JURISDICTION**

26   1.    This is a civil action for damages under state and federal laws prohibiting

27  unlawful employment actions and to secure the protection of and to redress deprivation of

28  rights under these laws.

   2.    Jurisdiction and venue are appropriate herein and based upon 42 U.S.C.

*(left margin, vertical)* GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1   §2000e *et seq.*, NRS Chapter 613 *et seq.*, and Scott's claims under Nevada law.

2       3.      All alleged unlawful employment actions occurred in this judicial district.

3   <u>**PARTIES**</u>

4       4.      At all times relevant, Mershaun Scott was an individual residing in the state

5   of Nevada.

6       5.      At all times relevant, Defendant Nicholas LLC was Plaintiff's employer as

7   that term is defined in NRS §613 and 42 U.S.C. §2000e, *et seq.*

8       6.      Plaintiff is informed, believes, and thereon alleges that at all times relevant,

9   Defendant Nicholas LLC was a domestic limited liability corporation doing business in

10  Nevada where the subject unlawful employment practices occurred.

11      7.      Plaintiff is informed, believes, and thereupon alleges that at all times

12  relevant, Defendant Nicholas LLC was doing business in this Judicial District in Clark

13  County, Nevada where the unlawful employment practices and wrongful actions

14  complained herein occurred.

15      8.      At all times relevant, Defendant Nicholas Inc. was Plaintiff's employer as that

16  term is defined in NRS § 613 and 42 U.S.C. § 2000e, *et seq.*

17      9.      Plaintiff is informed, believes, and thereon alleges that at all times relevant,

18  Defendant Nicholas Inc. was a foreign corporation doing business in Nevada where the

19  subject unlawful employment practices occurred.

20      10.     Plaintiff is informed, believes, and thereupon alleges that at all times

21  relevant, Defendant Nicholas Inc. was doing business in this Judicial District in Clark

22  County, Nevada where the unlawful employment practices and wrongful actions

23  complained herein occurred.

24      11.     At all times relevant, Defendants had custody and/or control over Plaintiff

25  and his employment and was responsible for Plaintiff's labor and employment matters.

26      12.     DOE DEFENDANTS I-X, inclusive, are persons and ROE DEFENDANTS

27  XI-XX, inclusive, are entities, corporations or business entities (collectively referred to as

28  "DOE/ROE DEFENDANTS"), whose true identities are unknown to Plaintiff at this time.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1   These (ROE CORPORATIONS) may be parent companies, subsidiary companies,

2   issues, items, owners, predecessor or successor entities, or business advisors, de facto

3   partners, Plaintiff's employer, and/or joint ventures of Defendant. Such Defendant(s)

4   were the legal entity(ies) that were liable for the allegations contained herein. Such

5   Defendant(s) were Plaintiff's employer.

6        13.    Individual DOE DEFENDANTS are persons acting on behalf of or at the

7   direction of any Defendant or who may be officers, employees, or agents of Defendant

8   and/or a ROE CORPORATION or a related business entity. These DOE/ROE

9   DEFENDANTS were Plaintiff's employer(s) and are liable for Plaintiff's damages alleged

10   herein for their unlawful employment actions/omissions. Plaintiff will seek leave to

11   amend the Complaint as soon as the true identities of DOE/ROE DEFENDANTS are

12   revealed to Plaintiff.

13        14.    Plaintiff hereby demands a jury trial on all issues triable by jury herein.

14                        **PROCEDURAL REQUIREMENTS**

15        15.    Plaintiff has satisfied all administrative and jurisdictional requirements

16   necessary to maintain this lawsuit.

17        16.    Plaintiff timely filed his Charge of Discrimination with the Nevada Equal

18   Rights Commission ("NERC").

19        17.    On or about March 30, 2017, Plaintiff filed his Charge of Discrimination

20   with ("NERC"). *See* a true and correct copy of Scott's Charge of Discrimination attached

21   hereto as Exhibit I. Such allegations of Exhibit I are hereby incorporated herein this

22   Complaint.

23        18.    On or about August 4, 2020, NERC issued a determination letter in which

24   NERC found probable cause to believe that Scott was discriminated and harassed on

25   the basis of his race. *See* a true and correct copy of the letter of determination from

26   NERC attached hereto as Exhibit II. Such allegations are hereby incorporated herein

27   this Complaint. Such determination letter found probable cause supports the charge of

28   race discrimination. *Id.*

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

19.     On or about September 1, 2020, NERC issued Plaintiff a Notice of Right to Sue. *See* a true and correct copy of Plaintiff's NERC Notice of Right to Sue attached hereto as Exhibit III.

## BACKGROUND FACTS

20.     Defendants are food service providers, with locations in Nevada and Utah.

21.     Defendants deliver their products throughout Nevada, Utah, Idaho, Montana, Wyoming, and more.

22.     Defendants' website represents to the general public their "Philosophy of 'Philotimo.'"

23.     Defendants' "philosophy" states, "[a]t the heart of our business is 'philotimo,' a Greek word with connotations of hospitality, joy, a sense of right and wrong, and the notion of a duty to improve the world. Literally translated as 'the love of honor,' it guides how we do business."

24.     Plaintiff applied to work for Defendants as a forklift operator, a position in which he had plentiful experience.

25.     Defendants offered Plaintiff a job in or around April 2016, but not as a forklift driver.

26.     Instead, Defendants offered Plaintiff a position as an order selector.

27.     Plaintiff was unsure why he was not offered the position in which he had sufficient experience, but accepted the offer of employment.

28.     Unfortunately, the racial harassment and discrimination levied against the Plaintiff began nearly immediately upon his hire.

29.     Upon information and belief, there were at least two other order selectors that Plaintiff regularly worked with, both of which were Hispanic males.

30.     Plaintiff is an African American male.

31.     Defendants' employees began launching race-based names, insults, comments and other discriminatory language on a near-daily basis.

32.     Defendants' employees called Plaintiff "blackie," "nigger," and "slave."

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

33.     Defendants' employees told Plaintiff he worked the "slave way."

34.     Defendants' employees told Plaintiff they did not like Black people.

35.     On at least one occasion, Plaintiff was threatened with physical violence by a coworker.

36.     On at least one occasion, Plaintiff's supervisor was witness to the discriminatory comments.

37.     Despite witnessing such discriminatory comments, Plaintiff's supervisor took no effort to reprimand or discipline the offending employees, nor did he make any effort to cease the behavior from continuing.

38.     Plaintiff complained multiple times to his supervisors about the discriminatory behavior.

39.     Despite Plaintiff's complaints, Defendants conducted no intervention nor investigation.

40.     In or around November 2016, Plaintiff requested a meeting with Defendants' human resources personnel ("HR") to discuss the ongoing harassment.

41.     Defendants scheduled an HR meeting.

42.     Defendants then cancelled the HR meeting.

43.     Defendants never rescheduled the HR meeting.

44.     In or around January 2017, Defendants terminated Plaintiff.

45.     Defendants' stated reason for Plaintiff termination was for a mistake made in one of his orders.

46.     Upon information and belief, other order selectors made frequent mistakes and were not terminated for such.

47.     Defendants' given reason for Plaintiff's termination was pretextual.

48.     Plaintiff believes and alleges he was terminated in retaliation for his complaints against the other order selectors, who worked for the company for many years.

49.     It was difficult for Plaintiff to work with one hundred percent accuracy as

Page 5 of 9

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

1   he was experiencing constant, ongoing, pervasive and hostile harassment from his

2   coworkers.

3        50.    Plaintiff did not feel safe in his working environment.

4        51.    Defendants' proffered reason for termination was pretextual.

5        52.    The Nevada Equal Rights Commission (NERC), in its investigation, found

6   that Plaintiff "was harassed with frequent, racist comments about black people;

7   including pervasive use of the n-word..." *See* Exhibit II.

8        53.    NERC also found, "evidence shows [Defendants] on multiple occasions

9   failed to address a work environment where [Plaintiff] was called derogatory names

10  based on race on an almost daily basis for months on-end." *See* Exhibit II.

11       54.    Further, "[i]n its investigation, NERC learned that derogatory racial

12  remarks like 'nigger' were made constantly to CP and while in the presence of

13  management and other co-workers," and that Defendants failed to correct the hostile

14  work environment. *See* Exhibit II.

15       55.    NERC further found that "[c]redibility and weight of evidence shows that

16  this particular Nevada location maintained a **segregationist attitude** that was indeed

17  pervasive," and that the comments made against Plaintiff "flirt with references of slavery

18  stereotypes (emphasis added)." *See* Exhibit II.

19       56.    Plaintiff was wrongfully terminated in retaliation for participating in a

20  protected activity.

21       57.    Plaintiff reported the ongoing, pervasive and hostile harassment on

22  multiple occasions.

23       58.    As a result of Defendants' conduct, Plaintiff suffered mental anguish, pain,

24  fear and anxiety.

25       59.    Plaintiff was wrongfully terminated in violation of Title VII.

26       60.    Plaintiff was wrongfully terminated in violation of NRS 613 *et seq.*

27

28

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

## FIRST CAUSE OF ACTION
## RACE DISCRIMINATION/HARASSMENT
### Title VII 42 U.S.C. §2000e *et seq.*, NRS 613.310, *et seq.*

61.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

62.    As more fully set forth above, Plaintiff was subjected to unwelcome harassment, retaliation, and/or discrimination based upon race (African American).

63.    Plaintiff was discriminated against, harassed, retaliated against, and terminated on the basis of his race.

64.    Such actions constitute unlawful race discrimination, retaliation, and harassment.

65.    This unlawful conduct endured by Plaintiff was so severe and pervasive that it was frequent, humiliating, and interfered with Plaintiff's ability to work.

66.    This conduct was sufficiently severe or pervasive as to after the compensation, terms, conditions and privileges of Plaintiff's employment.

67.    Defendants, through their agents, became aware of race harassment and/or discrimination that Plaintiff experienced and took no action to stop it.

68.    Instead, Defendants became aware of the race harassment and/or discrimination that Plaintiff experienced and terminated him.

69.    Given the aforementioned, Defendants' conduct was so severe and pervasive as to constitute an objective abusive hostile work environment in violation of Title VII, 42 U.S.C. §2000e *et seq.*, and/or NRS 613.310, et. seq in creating, condoning, and perpetuating a sexually hostile work environment, has engaged in a discriminatory practice with discriminatory hostility, with malice or reckless indifference to Plaintiff's state and federally protected rights.

70.    Defendant, by the aforementioned conduct, discriminated against Plaintiff.

71.    All of Defendants' unlawful actions described herein were done willfully and intentionally and in reckless disregard for Plaintiff's protected rights under our law.

72.    As a direct and proximate result of the conduct of Defendants described

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  hereinabove, Plaintiff has sustained damages in excess of Fifteen Thousand Dollars
2  ($15,000.00).

3      73.   As a result of Defendants' conduct, as set forth herein, Plaintiff has been
4  required to retain the services of an attorney, and, as a direct, natural, and foreseeable
5  consequence thereof, have been damaged thereby, and are entitled to reasonable
6  attorneys' fees and costs.

7      74.   Defendants have acted willfully and maliciously, and with oppression,
8  fraud, or malice, and as a result of Defendants' wrongful conduct, Plaintiff is entitled to
9  an award of exemplary or punitive damages.

10 <div align="center">**SECOND CAUSE OF ACTION**
**RETALIATION**</div>
11 <div align="center">**TITLE VII/42 U.S.C. §2000e *et seq.*, NRS 613.330, NRS 613.340 *et seq.***</div>
12     75.   Plaintiff realleges and incorporates by this reference all the paragraphs
13 above in this Complaint as though fully set forth herein.

14     76.   Plaintiff was an exemplary employee and was qualified for his position.

15     77.   Plaintiff suffered disparate treatment in his termination after allegedly
16 making a mistake, while others similarly situated in the same role were not terminated
17 for such mistakes.

18     78.   Defendants, through their actions or their omissions as more fully set forth
19 above, subjected Plaintiff to adverse employment actions, including retaliation, by
20 terminating him on the basis of his protected activity, of reporting harassment,
21 discrimination, and/or a hostile work environment.

22     79.   Defendants participated in conduct that was degrading to Plaintiff. Such
23 conduct had the purpose and effect of creating an intimidating, hostile, and offensive
24 work environment, and had the purpose or effect of unreasonably interfering with
25 Plaintiff's work performance, and otherwise adversely affected Plaintiff's employment
26 opportunities resulting in his retaliatory discharge.

27     80.   The disparate treatment was sufficiently severe as to alter the
28 compensation, terms, conditions, and privileges of Plaintiff's employment.

<div align="left" style="font-style:italic;">GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704</div>

<div align="center">Page 8 of 9</div>

81.   The treatment created an abusive and hostile work environment in violation of Title VII, NRS Chapter 613, and our law.

82.   On multiple occasions throughout 2016, Plaintiff opposed the discriminatory treatment he experienced.  As such, Plaintiff was retaliated against.

83.   Defendants knew of this treatment and took no action to stop it.

84.   As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, have been damaged thereby and is entitled to reasonable attorneys' fees and costs. Defendants discriminated, harassed and/or retaliated against Plaintiff on the basis of his race.

85.   Defendants have acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendants' wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    1.    For general damages in excess of $15,000.00;

    2.    For special damages;

    3.    For consequential damages;

    4.    For punitive damages;

    5.    For all equitable, injunctive, and declaratory relief available; and,

    6.    Such other relief as the Court may deem just and proper.

DATED this ⁄⁄ day of September 2020.

GABROY LAW OFFICES

By _____
Christian Gabroy, Esq.
Kaine Messer, Esq.
The District at Green Valley Ranch
170 S. Green Valley Parkway, Suite 280
Henderson Nevada 89012
Tel:   (702) 259-7777
Fax:   (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff Mershaun Scott*

Page 9 of 9

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

# EXHIBIT I

EEOC Form 5 (11/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | 34B-2017-00374 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (indicate Mr., Mrs., Ms.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Morshaun Scott | | |

Street Address                          City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NICHOLAS AND COMPANY | 101 - 200 | (702) 854-6800 |

Street Address                          City, State and ZIP Code
5670 Nicco Way, Las Vegas, NV 89115

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                          City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-18-2016   Latest: 01-09-2017

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
· The Respondent discriminated against me due to my race (Black) and/or on the basis of retaliation. I was harassed, denied promotional opportunities, subjected to disparate terms and conditions of employment and discharged. I filed my complaint with the Nevada Equal Rights Commission on January 13, 2017.

I worked for the Respondent from April 18, 2016 through January 9, 2017 as an Order Selector.

I was initially hired by Geovani (LNU, Asian) with the understanding I was going to be a Forklift Operator. However, after I accepted the position, Geovani told me I was going to be an Order Selector. The Forklift Operator position was given to a non-Black person less qualified than me. Geovani subjected to me to disparate terms and conditions of employment including, but not limited to, cleaning a dirty, greasy truck at night, which was dangerous and which no other non-Black Order Selectors had to do.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X  3/30/17  X  Morshaun Scott | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date        Charging Party Signature | |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | 34B-2017-00374 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

Starting in or about May 2016, Domingo Hernandez (non-Black) began openly calling me "slave" and "nigger" on a daily basis particularly in the presence of Juan Aguilera. I repeatedly told him to stop and complained to Supervisor Will Stainfield, but Mr. Stainfield did nothing to stop the harassment. On or about November 18 or 19, 2016, Mo (LNU, Samoan) called me a "nigger" in front of Mr. Stainfield, but Mr. Stainfield did nothing. The derogatory name calling continued until my employment was terminated and the Respondent failed to provide me with a harassment-free environment.

I was denied repeated promotional opportunities. In August 2016, I applied for and was denied a Receiving position, which was filled by a less qualified non-Black employee. In October 2016, I applied for and was denied a Forklift Operator position, which the Respondent did not fill. In October 2016, I was denied a Shipping Clerk position, which was filled by a less qualified non-Black employee. In December 2016, I applied for a Short Runner position; however, my employment was terminated before the position was filled.

In or about November 2016, I utilized the Respondent's open-door policy and complained to Christina (LNU) in Human Resources that I believed my mistreatment since I was hired was because of my race. The Respondent failed to follow-up and take action on my complaint.

On January 9, 2017, I was discharged for making an error on an order selection. Domingo Hernandez is one of several non-Black Order Selectors who have made errors on order selections but were not discharged.

I believe the Respondent discharged me due to my race and/or on the basis of retaliation for complaining about discrimination.

I believe the Respondent's actions violated Title VII of the Civil Rights Act of 1964, as amended and Nevada State Law.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

X 3/30/17   X [signature]
Date   Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

# EXHIBIT II

*Via Email*

August 4, 2020

**Case Name:**
Mershaun Scott
vs.
Nicholas and Company

**Charge No.:**
NERC: 0406-17-0165L
EEOC: 34B-2017-00374C

**Charging Party**
Mershaun Scott

**Respondent**
Nicholas and Company

## DETERMINATION

Nicholas and Company (RSP), is an employer; operating in Nevada, within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., and NRS 613.310 and timeliness and all other requirements for coverage have been met.

The above-referenced charge of discrimination was filed by Charging Party (CP), Mershaun Scott, alleging race discrimination and retaliation.

### NERC Finding

The Commission finds PROBABLE CAUSE for race discrimination.

Although the investigation did not provide sufficient evidence to show cause for retaliation in the form of discharge, the Commission was concerned that evidence did show CP (African American/black), was harassed with frequent, racist comments about black people; including pervasive use of the n-word and that CP was even called "slave" while Respondent failed to correct this environment. NERC does not condone evidence of such behavior in the workplace.

As it relates to the harassment of CP, evidence shows Respondent on multiple occasions failed to address a work environment where CP was called derogatory names based on race on an almost daily basis, for months on-end, and in the presence of Respondent [Supervisor Will Stainfield]. In its investigation, NERC learned that derogatory racial remarks like "nigger" were made constantly to CP and while in the presence of management and other co-workers. Despite CP complaining of harassment up the chain of command, Respondent failed to take corrective action of a hostile work environment. In fact, CP complained to Respondent that working was hard when "somebody is over [his] back always saying racist things to [him]."

1

Respondent argues CP failed to report, and meetings only addressed legitimate performance issue(s).  However, overwhelming evidence to the contrary corroborates CP's position that Respondent was put on-notice, should have been aware, yet failed to act.  NERC maintains that any derogatory name(s) or contextual reference based on racial animus toward African Americans *especially* comments that flirt with references of slavery stereotypes or flat out call a person of color a slave - create a hostile work environment not only to African Americans but to all third parties within ear shot - regardless of race.  Credibility and weight of evidence shows that this particular Nevada location maintained a segregationist attitude that was indeed pervasive; lasting from a period of at least five months where the CP was repeatedly called a "nigger," "blackie, "slave" and/or performed in a "slave way" by colleagues – yet nothing was done to correct this behavior.  The performance of CP is irrelevant under this analysis and finding.

By failing to address the pervasive harassment endured based on race, Respondent failed to adhere to EEO standards.

## Conciliation

NRS 233.170(2) requires that if the Commission determines that there is reason to believe that violations have occurred, it shall endeavor to eliminate unlawful employment practices by informal methods of conference, conciliation, and persuasion.  Having determined that there is reason to believe that violation(s) have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter.

In the event the parties refuse to participate in conciliation, the Commission shall close the charge and forward to the Equal Employment Opportunity Commission ("EEOC") for determination as to whether the EEOC will prosecute the matter and/or for the issuance of a Right to Sue Letter.

On Behalf of the Commission,

Kara M. Jenkins
Administrator

*In light of the global pandemic and maintaining safe practices, conferences will be conducted over the Commission's private conference line; not in-person.*

2

# EXHIBIT III

 Gmail

Gabroy Law Assistant <assistant@gabroy.com>

**Fwd: Mershaun Scott vs. Nicholas and Company - Unsuccessful Conciliation Closure Letter - Mershaun Scott**
1 message



---------- Forwarded message ----------
**From: Mershaun Scott** <███████████████>
Date: Wed, Sep 2, 2020 at 9:46 AM
Subject: Re: Mershaun Scott vs. Nicholas and Company - Unsuccessful Conciliation Closure Letter - Mershaun Scott
To: <intake@gabroy.com>


On Tue, Sep 1, 2020, 12:48 PM Darrell Harris <dkharris@detr.nv.gov> wrote:

September 1, 2020


Mershaun Scott

293 Cornell Avenue

Calumet City, Illinois 60409  **via email only**


RE:     Mershaun Scott    vs    Nicholas and Company

NERC No. 0406-17-0165L        EEOC No. 34B-2017-00374C

Dear Mr. Scott:

Since Conciliation efforts in your Charge have failed, in accordance with our Work Sharing Agreement with the Equal Employment Opportunity Commission (EEOC), we are forwarding this case to the EEOC for further processing.  Thus, the Nevada Equal Rights Commission is closing its files on the Charge.

**EEOC will be contacting you regarding the disposition of this case.  In the interim, you may inquire about your case, in writing, through EEOC's Los Angeles District Office located at 255 E. Temple Street, 4th floor, Los Angeles, CA  90012.**

**Right-to-Sue Notice:**  This letter constitutes your state Right-to-Sue Notice.

**NOTE: In light of the global pandemic and maintaining safe practices, NERC will deem the matter closed for tolling purposes once the Governor lifts the stay-at-home-order.**

Please be advised that the NERC's determination does <u>not</u> preclude you from filing a lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

Section 613.420 of the Nevada Revised Statutes provides in part: "If the Nevada Equal Rights Commission does not conclude that an unfair employment practice . . . has occurred, the Commission shall issue a right-to-sue notice. . . the person alleging such a practice has occurred may bring a civil action in district court not later than 90 days after the date of receipt of the right-to-sue notice..."

NRS 613.430 provides the following timeframes to file in state court, "No action authorized by NRS 613.420 may be brought more than 180 days after the date of the act complained of or more than 90 days after the date of the receipt of the right-to-sue notice...whichever is later. When a complaint is filed with the Nevada Equal Rights Commission, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission."

If you should have any questions, you may contact me at (702) 486-7161. Thank you for your time and attention in this matter.

Sincerely,

Patrice D. Perez

Compliance Investigator II


NRS  233.190  Confidentiality of information.

1.  Except as otherwise provided in this section or NRS 239.0115, any information gathered by the Commission in the course of its investigation of an alleged unlawful discriminatory practice in housing, employment or public accommodations is confidential.

2.  The Commission may disclose information gathered pursuant to subsection 1 to:

(a)  Any governmental entity as appropriate or necessary to carry out its duties pursuant to this chapter; or

(b)  To any other person if the information is provided in a manner which does not include any information that may be used to identify the complainant, the party against whom the unlawful discriminatory practice is alleged or any person who provided information to the Commission during the investigation.

3.  Except as otherwise provided in subsection 4, the Commission shall disclose information gathered pursuant to subsection 1 to the complainant and the party against whom the unlawful discriminatory practice is alleged if:

(a)  Each has consented to such disclosure; or

(b)  The Commission has determined to conduct a hearing on the matter or apply for a temporary restraining order or an injunction or an action has been filed in court concerning the complaint.

4.  The Commission may not disclose to the complainant or the party against whom the unlawful discriminatory practice is alleged:

(a)  Any information obtained during negotiations for a settlement or attempts at mediating or conciliating the complaint.

(b)  Any investigative notes or reports made by the Commission.

(c)  Any information that may be used to identify a person who provided information to the Commission during the investigation and who has requested anonymity.

5.  Except as otherwise provided in this section or NRS 239.0115, if the Commission's attempts at mediating or conciliating the cause of the grievance succeed, the information gathered pursuant to subsection 1 must remain confidential.

6.  If the Commission proceeds with a hearing or applies for injunctive relief, confidentiality concerning any information, except negotiations for a settlement or attempts at mediating or conciliating the cause of the grievance, is no longer required.

(Added to NRS by 1977, 1606; A 2003, 1330; 2007, 2080)

DARRELL K. HARRIS, CPM

Supervisory Compliance Investigator

Nevada Equal Rights Commission

1820 E. Sahara Ave., Ste 314

Las Vegas, NV  89104

Ph: 702-486-7161

Fax: 702-486-7054

CONFIDENTIAL NOTICE: This e-mail message including attachments, if any, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Any unauthorized review, use, disclosure or distribution is prohibited.

If you are not that intended recipient, please contact dkharris@detr.nv.gov by replying to this e-mail and destroying all copies of the original message.  If you are the intended recipient but do not wish to receive communications through this medium, please do advise immediately.

NOTHING IN THIS E-MAIL SHOULD BE CONSTRUED AS A LEGAL OPINION OR LEGAL ADVICE.